```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA

MARGARET N. RICHISON,             )
                                  )
              Plaintiff,          )
                                  )
                                  )  Case No. CIV-21-238-RAW-KEW
                                  )
COMMISSIONER OF THE SOCIAL        )
SECURITY ADMINISTRATION,          )
                                  )
              Defendant.          )
```

**REPORT AND RECOMMENDATION**

Plaintiff Margaret Richison (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. The Claimant appeals the Commissioner's decision, asserting that the Administrative Law Judge ("ALJ") incorrectly determined that she was not disabled. For the reasons discussed below, it is the recommendation of the undersigned Magistrate Judge that the Commissioner's decision be REVERSED and REMANDED.

**Claimant's Background**

The Claimant was 37 years old at the time of the ALJ's decision. She has a high school education and has worked in the past as a grocery checker, presser, and general cashier. The Claimant alleges that her inability to work began on July 21, 2017. She claims this inability stems from her bipolar disorder, anxiety,

1

posttraumatic stress disorder, panic disorder, and an unspecified personality disorder.

## Procedural History

On December 31, 2019, the Claimant applied for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. On January 2, 2020, she applied for supplemental security income benefits under Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. The Claimant's applications were initially denied and were denied on reconsideration. The Claimant filed a request for a hearing, which was held on March 4, 2021, via telephone before ALJ Doug Gabbard, II. On March 15, 2021, ALJ Gabbard entered an unfavorable decision. The Claimant requested review by the Appeals Council and the Council denied such request on June 21, 2021. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ followed the five-step sequential process that the social security regulations use to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] At step two, the ALJ found

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments

that the Claimant had the following severe impairments: bipolar I disorder with psychotic features; generalized anxiety disorder; panic disorder with agoraphobia; unspecified personality disorder; and posttraumatic stress disorder. (Tr. 13). At step four, the ALJ determined that the Claimant had the following residual functional capacity ("RFC"):

> [T]he [C]laimant has the [RFC] to perform a full range of work at all exertional levels but with the following nonexertional limitations: She is limited to semi-skilled work (work which requires understanding, remembering, and carrying out some detailed skills, but does not require doing more complex work duties and is limited to one to four steps). She is capable of incidental interpersonal contact with supervisors and coworkers, e.g., assembly work. She will need regular work breaks, but not any in addition to those normally allowed in competitive work. She should have no fast-paced work. She should have only occasional workplace changes. She may have only incidental, contact with the general public. She should avoid even moderate exposure to dusts, odors, fumes, gases, and other pulmonary irritants.

(Tr. 17). The ALJ then concluded that this RFC would not allow the Claimant to return to her past relevant work as a grocery checker, presser, or general cashier. (Tr. 23). Finally, at step five, the

---

listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

ALJ found that when "considering claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. 23). Thus, the ALJ found that the Claimant had not been under a disability from July 21, 2017, through the date of the decision. (Tr. 25).

## Errors Alleged for Review

The Claimant's only assertion is that the ALJ failed to properly evaluate the medical source opinion of Dr. Theresa Farrow, M.D. The Claimant believes that due to this error, the decision of the ALJ must be reversed and remanded.

## Social Security Law and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A).

Judicial review of the Commissioner's final determination is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means — and means only — 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) *(*quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01. The Commissioner's decision will stand, even if a court might have reached a different conclusion, as long as it is supported by substantial evidence. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported

by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

## Medical Opinion Analysis

The Claimant contends that the ALJ was "overly selective" about which evidence he focused on when he analyzed the supportability and consistency of Dr. Farrow's medical source opinion. The Claimant believes that the ALJ disregarded evidence and findings that supported Dr. Farrow's opinion. The Commissioner maintains that the ALJ's evaluation of Dr. Farrow's opinion adequately discussed whether the opinion was supported and was

6

consistent with the medical evidence. For the reasons discussed below, the Court agrees with the Claimant that the ALJ did not properly evaluate Dr. Farrow's medical source opinion.

The Claimant applied for benefits on or after March 27, 2017, meaning that the medical opinion evidence is subject to evaluation pursuant to 20 C.F.R. §§ 404.1520c, 416.920c. Under these new standards the ALJ does not "defer or give specific evidentiary weight. . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520(c)(a). An ALJ considers medical opinions utilizing five factors: (1) supportability, (2) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."). 20 C.F.R. §§ 404.1520c(c), 416.920c(c). The ALJ must utilize these factors when determining how persuasive he finds the medical opinions and prior administrative medical findings. 20 C.F.R. §§ 404.1520c(b), 416.920c(b).

Generally, when examining medical opinions, the ALJ must only

7

specifically explain how he considered the supportability and consistency factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b). However, if the ALJ finds "that two or more medical opinions or prior administrative findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [he] will articulate how [he] considered the other most persuasive factors in paragraphs (c)(3) through (c)(5)[.]" 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability"). If he rejects an opinion completely, the ALJ must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

Dr. Farrow's medical source statement addressed how the Claimant's mental impairments would impact her ability to work. First, Dr. Farrow noted that the Claimant would miss work three or more times a month due to her impairments. (Tr. 502-09). Second,

she noted that the Claimant has almost daily hallucinations, paranoia, and suffers from severe anxiety and depression. (Tr. 504). Finally, Dr. Farrow indicated that the Claimant's mental impairments impact her ability to interact with the public and cause her to have extreme limitations in areas such as maintaining routine, maintaining regular attendance at work, and her ability to have social interactions with others without excessive irritability or suspiciousness. (Tr. 508). The ALJ summarized Dr. Farrow's statement and found Dr. Farrow's opinion to be unpersuasive, providing the following explanation:

> [Dr. Farrow's opinion] is not only unsupported by her own medical records, where she noted the claimant's statements of improvement with treatment, (*see, e.g.,* Exhibit B4F/42), and recorded mental status examination findings which do not support the "marked" or "extreme" limitations that she alleges. (*See, e.g.,* Exhibit B4F/42-43). Dr. Farrow's opinion is also inconsistent with the claimant's statements of symptoms, her reports of improvement with treatment, her repeatedly being found stable even when complaining of symptoms, and the mental status examination findings indicating, for example, normal concentration and complaint of mild short-term memory problems on only a few occasions. (*See* Exhibits B2F, B4F, B5F, B6F, B7F, B8F, B9F, and B10F). I note that Dr. Farrow's medical records and findings are also inconsistent with other providers at Carl Albert. For example, on December 8, 2017, psychiatrist Dr. W. Mings, M.D. saw the claimant in between visits with Dr. Farrow and recorded that the claimant told him her medication works, that she had no auditory or visual hallucinations, that her mood, appetite, and sleep were stable, and that her concentration was "good." (Exhibit B4F/40).

(Tr. 21-22).

Here, the ALJ ignores medical evidence that supports Dr. Farrow's findings, while focusing on evidence that supports his determination that they would not impact her ability to work. Further, the ALJ fails to adequately address why the evidence that does support Dr. Farrow's findings should not be considered. The ALJ specifically focuses on the medical records and visits that support the Claimant's supposed "improvements" as related to her mental impairments. (Tr. at 21, 513, 525, 542, 552). But the ALJ ignores evidence that supports that these improvements were sporadic at best. (*See e.g.,* Tr. at 614, 616-17, 642-43). Some of the evidence he ignores is even present in the exhibits he cited to support his conclusion that the Claimant's mental impairments had improved. (*See e.g.*, Tr. at 511-599).[2] A specific example of the ALJ's error is the fact that he focused on the report of Dr. W. Mings, M.D. from December 8, 2017, at which the Claimant stated that her medication worked, and she had no hallucinations or delusions. (Tr. at 21). But the ALJ later ignores evidence from other doctors that shows the paranoid delusions were still present, and even required an increase in the dosage of the Claimant's anxiety medication in August of 2020 (Tr. at 613-14).

---

[2] The ALJ cites to Exhibit B4F as support for his determination that Dr. Farrow's opinion is inconsistent with the record. But this Exhibit encompasses all the Claimant's progress notes from Carl Albert CMHS from June 9. 2019 to April 7, 2020. Some of these notes indicate that the Claimant still was experiencing anxiety, psychosis, and occasional had suicidal ideations, yet the ALJ does not address those specific notes. (*See e.g.*, Tr. at 513, 517, 534-36).

The ALJ's failure to address evidence that supports Dr. Farrow's opinion constitutes "picking and choosing" evidence which supported his findings, while ignoring evidence that did not support them. This expressly goes against circuit precedent. *Hardman*, 362 F.3d at 681. While the Commissioner attempts to paint this as a simple summarization of the medical record and therefore appropriate, this is incorrect. The ALJ's summarizations only cite to records which indicate medical improvement and wholly fail to address the records that do not. Because the ALJ failed to properly assess all medical opinions and provide explanations for his choices to ignore portions of evidence which supported Dr. Farrow's opinion, the decision of the Commissioner should be reversed, and the case remanded to the ALJ for further analysis of the medical opinions.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be REVERSED and the case REMANDED for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief, which shall not exceed ten (10) pages.

Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 22nd day of February, 2023.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE